EDWIN A. SMITH v. EUGENE C. GARWOOD and Others.

July 14, 1898.

Nos. 11,067—(183).

**Mortgage—Delivery—Finding Unsupported by Evidence.**

*Held*, that the finding of fact herein to the effect that defendants made an unconditional delivery to plaintiff's counsel of the note and mortgage on which this action was brought is without evidence to support it.

Action in the district court for Hennepin county against Eugene C. Garwood, Martha E. Parry and James Rowett to foreclose a real-estate mortgage, dated November 9, 1895, and to foreclose a lien on a sheriff's certificate of sale on foreclosure proceedings which had been assigned by defendant Garwood to plaintiff as collateral security. The cause was tried before Russell, J., without a jury, who ordered judgment for plaintiff. Defendants Garwood and Parry moved for a new trial, which motion was heard before McGee, J., the successor of Russell, J. From an order denying the motion, defendants Garwood and Parry appealed. Reversed.

In 1892 Mordecai Parry and defendant Martha Parry, his wife, mortgaged certain real estate to plaintiff to secure a loan of $20,000. The land belonged to Mordecai Parry. He secured the loan through the agency of one Sprague, who conducted all transactions on the part of plaintiff. In July, 1892, Mordecai Parry died. His estate was duly probated in Hennepin county, but plaintiff filed no claim against the estate. About October 1, 1895, there being default in the conditions of the mortgage, plaintiff and defendant Parry entered into negotiations, in pursuance of which the verbal agreement mentioned in the opinion was reached, and Smith was to execute a written agreement to defendant Parry to deed to her the property sold under foreclosure, after the year for redemption had expired, in case no redemption was made, and to take back from defendant

Parry a mortgage on the same as security for the note to be given under this agreement. These negotiations were had between one Hill as agent for defendant Parry, and Sprague as agent and H. P. Roberts as attorney for plaintiff.

Plaintiff proceeded with the foreclosure, and the mortgaged property was sold in such proceeding on December 16, 1895, to defendant Garwood. On the day of sale, in response to a request by telephone from Mr. Roberts, one of the attorneys for plaintiff, defendant Garwood and Hill, the agent representing Mrs. Parry, went to Mr. Roberts' office. When they arrived there, he and Slater were sitting at the desk figuring. Mr. Slater was attorney for Mrs. Parry. Hill had possession of the new note executed by defendants Parry and Garwood, and the mortgage securing the same. Garwood executed an assignment of the sheriff's certificate of sale to plaintiff. Soon after Slater, in the presence of Roberts, asked Hill if he had the note and mortgage. Hill replied by stepping up to the desk where Roberts and Slater were both sitting, and saying:

" 'Where is the contract that we are to have from Mr. Smith?' Mr. Slater said that Mr. Roberts had explained to him just a few minutes before I came in that neither he nor Mr. Sprague had authority to sign the contract, but it would have to be sent to Mr. Smith for his signature; but he said that he thought it would be perfectly safe for me to give up the papers, as Roberts had promised him that he would send the contract to Smith and have him sign it and return it and deliver it to us. I said: 'Well, on that condition I will give up the papers'; and I laid them down on the desk in front of Mr. Roberts."

Plaintiff refused to sign the agreement to deed the property to Mrs. Parry.

*Edwin S. Slater* and *Brooks & Hendrix*, for appellants.

*Roberts & Sweet*, for respondent.

COLLINS, J.

After a very thorough examination of the settled case herein, we are compelled to hold that the finding that defendant Parry delivered to Smith, this plaintiff, the note and mortgage herein involved, is without evidence to sustain it.

There is no real controversy in respect to what occurred in the

office of counsel for plaintiff, Smith, when these instruments were brought there by Mrs. Parry's agent. It had been verbally agreed that Smith should foreclose the mortgage bearing date February 15, 1892; that Mrs. Parry should pay the costs of the foreclosure; that some person, to be selected by her, should bid in the mortgaged premises for the amount due on the mortgage note; that the sheriff's certificate should be issued to this person; that the latter should then assign this certificate to Smith; that he should also execute and deliver his note, payable in four years, to Smith's order, for the amount due, and for which the premises sold; that Mrs. Parry should indorse this note, and should execute and deliver a mortgage upon certain real property, of which she was the owner, to secure its payment; that, if redemption was made from the foreclosure sale, any sum in excess of the amount due on the last-mentioned note, and on account of taxes on the property paid by plaintiff, Smith, should be paid over to Mrs. Parry; and that, if no redemption was made from the sale, Smith was to convey the property covered by the 1892 mortgage, and described in the foreclosure certificate, to Mrs. Parry, or her assigns, and was to take a new mortgage thereon as security for the payment of the new note, which bore date November 9, 1895.

It was in compliance with the terms of this verbal agreement that the foreclosure was made, the premises bid in by defendant Garwood, and the costs of foreclosure paid by Mrs. Parry; and the terms of the agreement were being observed when Garwood signed the new note, and when Mrs. Parry indorsed it and executed a mortgage to Smith upon her own real property to secure its payment; and there was no departure from the terms of this agreement when Mrs. Parry's agent demanded and insisted, as a condition of a delivery of the note and mortgage last mentioned, that the verbal agreement in reference to the latter and to the mortgaged estate— nonenforceable under the statute of frauds—be reduced to writing, and be signed and acknowledged by Smith in due form of law. She was properly protecting her interests and securing her rights when she insisted upon the execution and delivery of the written instrument left in the hands of counsel for Smith on the day of the foreclosure sale, December 16, 1895.

The evidence is conclusive that, before handing the note and mortgage to counsel, Mrs. Parry's agent demanded the written contract, already prepared for Smith's signature, and was informed that counsel had no authority to execute it, but that it should be forwarded to Smith at his residence in a distant state, and his signature obtained; that thereupon, and upon the condition that the written instrument be signed by Smith and returned to Mrs. Parry, the note and mortgage were handed to counsel. That the delivery was conditional upon the proper execution by Smith, and a return of the contract to Mrs. Parry's agent, was not only conclusively established by the evidence of all of the witnesses as to what was said, but it was also shown in the letter written by Smith's counsel to his Minneapolis agent, when transmitting the new note and mortgage, together with the already prepared contract. As Smith refused to sign the paper, there was no actual delivery of the note and mortgage on which this action was brought. The finding that there was is without evidence to support it.

It has been suggested by counsel that because there was no dispute over the terms of the agreement, as the same are found in the writing, defendants cannot rely upon this defense. They had the right to insist upon proper evidence of the contract entered into, and to make a conditional delivery of the note and mortgage, and this they did. Smith's counsel were not compelled to accept the papers upon this condition; but they did accept, and their client is bound by their act.

Order reversed, and, on remittitur, the court below will amend its conclusion of law by ordering judgment for defendants.